AO 106 (Rev. 04/10) Application for a Search Warrant	AUTHORIZED AND APPROVED/DATE: s/ Stephen C. Hoch 4/10/24

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )  Case No. M-24- 327 -SM
 )
A gray Samsung Cellular Phone, IMEI Number  )
351778860065669, located at FBI Oklahoma City, 3301  )
W. Memorial Road, Oklahoma City, OK 73134  )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Fentanyl with Intent to Distribute |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Sam Spencer, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/11/24

*Judge's signature*

City and state: Oklahoma City, Oklahoma    Suzanne Mitchell, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In the Matter of the Search of a gray Samsung Cellular Phone, IMEI Number 351778860065669, located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134** | Case No. M-24- 327 -SM |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Sam Spencer, Special Agent with the Federal Bureau of Investigation, having been duly sworn, depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, an electronic device identified below and in **Attachment A,** which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B,** which constitutes evidence of violations of 21 U.S.C. § 841(a)(1) and § 846.

2. I am a federal law enforcement officer as defined under Federal Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing

federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Oklahoma City field office, and have been so employed since August 2023. As such, I am an investigative and law enforcement officer of the United States authorized to conduct investigations of, and to make arrests and seizures for, violations of the Controlled Substances Act (Title 21, United States Code, Sections 801, et seq.).

4. As part of my duties as a Special Agent, I investigate criminal violations relating to trafficking in illegal narcotics. As a result of my training and experience, including information provided by other federal agents with applicable knowledge, I am familiar with the tactics, methods, and techniques used by drug traffickers. I have conducted numerous investigations involving the use of the Internet, email, and social media to further criminal activity. I have participated in the execution of multiple federal search warrants targeting various types of evidence and property. In light of my training and experience, I know the following:

    a. I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and execute electronic

transactions which can, in turn, create automatic records and documentation of the transactions;

b.   I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

c.   I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person;

d.   I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

5.   I am submitting this Affidavit in support of a search warrant authorizing a search of a gray Samsung cell phone, IMEI Number 351778860065669 (**Subject Device**) which is located at the FBI Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134, as further described in **Attachment A,** which is incorporated into this Affidavit

by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B,** which constitutes evidence of a violations of 21 U.S.C. § 841(a)(1) and § 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

6. Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and § 846 have been committed by **Kevin Nicholas YESSEN** and others. There is also probable cause to search the property described in **Attachment A** for evidence of these crimes, as described in **Attachment B.**

7. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## FACTS SUPPORTING PROBABLE CAUSE

8. On March 27, 2024, Oklahoma City Police Department (OCPD) Sergeant Chanse Alexander initiated a traffic stop on a silver Hyundai Sonata, which was being driven by **YESSEN,** after observing multiple traffic infractions, including speeding in a construction zone. The traffic stop was initiated on Interstate 40 near the Choctaw Road exit in Oklahoma City, Oklahoma, within the Western District of Oklahoma. After Sgt. Alexander activated his emergency overhead lights, **YESSEN** pulled over on the shoulder of the interstate. **YESSEN** was the vehicle's only occupant.

9. Following a positive alert on the vehicle from a K9 unit, a probable cause search of **YESSEN's** vehicle was conducted. Inside the trunk, law enforcement located several United States Postal Service (USPS) shipping boxes, as well as three large cardboard boxes. Upon opening one of the USPS boxes, Sgt. Alexander observed several kilogram-sized, heat-sealed packages, which Sgt. Alexander believed contained illegal narcotics.

10. Law enforcement ultimately recovered forty-four heat-sealed packages from the vehicle's trunk, weighing approximately 217 pounds. Two packages, weighing approximately 2,000 grams (to include packaging) field tested positive for fentanyl. Based on my training and experience, I know that this amount of fentanyl is indicative of an intent to distribute, and that the amount of fentanyl possessed was far in excess of user quantities of the drug.

Law enforcement also recovered $3,522.00 in U.S. Currency from **YESSEN,** which is also consistent with drug trafficking. In addition to recovering illegal narcotics and U.S. Currency, law enforcement recovered two cellular phones, including the **Subject Device,** from **YESSEN's** vehicle.

11. The **Subject Device** has remained in law enforcement custody since March 27, 2024. It is currently stored at the FBI's Oklahoma City field office, located at 3301 W. Memorial Road, Oklahoma City, OK 73134. The **Subject Device** has been stored and secured such that its contents, to the extent material to this investigation, are in substantially the same state as the time the **Subject Device** was seized.

12. Based on my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cellular phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug-trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

13. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and

store these photographs using their cellular phones. I also know from my training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cellular phone.

14. Based on my training and experience, I know that electronic devices, such as the **Subject Device,** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## AUTHORIZATION REQUEST

15. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Subject Device.** Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A,** authorizing the seizure of the items described in **Attachment B.**

16. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

17. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

SAM SPENCER
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 11TH day of April, 2024.

SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a black Samsung cellular phone, IMEI Number 351778860065669 **(Subject Device)**. The **Subject Device** is currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma 73114. This warrant authorizes the forensic examination of the **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B.**



# ATTACHMENT B

1. All records on the **Subject Device**, described in **Attachment A**, that relate to violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 involving **Kevin Nicholas YESSEN** including, but not limited to:

   a. lists of customers and co-conspirators and related identifying information;

   b. communications and evidence of communications including, but not limited to, call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Subject Device** and customers and co-conspirators;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording **YESSEN's** schedule or travel including, but not limited to, location information; and

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may

have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.